UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HUBERT FRANCILA,**

    **Plaintiff,**

v.                                                                    **Case No: 5:20-cv-144-Oc-30PRL**

**CHAD WOLF and KENNETH T. CUCCINELLI,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This action challenging a decision by the United States Citizenship and Immigration Services ("USCIS") is before me upon referral of Defendants' motion to dismiss (Doc. 10), to which Plaintiff has responded. (Doc. 14). For the reasons explained below, I recommend that the motion to dismiss be granted for lack of subject matter jurisdiction.

### I. BACKGROUND

The facts, as alleged in the Complaint (Doc. 1), are as follows. Plaintiff is a native and citizen of Haiti. Initially, Plaintiff arrived in the United States without inspection. On September 10, 2007, the Department of Homeland Security issued a Form I-862, Notice to Appear, charging Plaintiff with being subject to removal from the United States in accordance with 8 U.S.C. § 1182(a)(6)(A)(i). Following proceedings on February 9, 2009, an Immigration Judge ordered Plaintiff removed from the United States. Plaintiff appealed that decision to the Board of

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Immigration Appeals, which dismissed the appeal on November 30, 2009.

Due to an earthquake, the Attorney General designated Haiti for Temporary Protection Status in early 2010. On August 13, 2010, Plaintiff requested and was granted Temporary Protection Status ("TPS").

On July 11, 2017, Plaintiff married Fleurette Francila, a citizen of the United States.

In early 2018, while on TPS, Plaintiff submitted a request to travel via Form I-131 and the request was approved. Plaintiff was issued Form I-512L, Authorization for Parole of an Alien Into the United States. On May 27, 2018, Plaintiff traveled abroad and returned to the United States on June 3, 2018. Plaintiff arrived at Port Everglades, presented his form I-512L to a Customs and Border Protection agent, and was paroled into the United States.

On October 18, 2018, Plaintiff's wife filed a Form I-130 with USCIS seeking an immigrant visa for Plaintiff as the spouse of a citizen. At the same time, Plaintiff submitted a Form I-485, Application to Register Permanent Residence or Adjust Status. On January 9, 2020, USCIS issued a written decision denying Plaintiff's Form I-485 request. The decision stated in part:

> After a thorough review of your application [. . . ], we must inform you that we are denying your application. USCIS lacks jurisdiction to decide whether you are eligible for adjustment of status, because you are subject to an unexecuted Final Order of Removal issued by an Immigration Judge.

(Doc. 1-1).

On April 9, 2020, Plaintiff filed this action against Chad Wolf, Acting Secretary of the Department of Homeland Security, and Kenneth T. Cuccinelli, Acting Director of the United States Citizenship and Immigration Services. The Complaint alleges that jurisdiction is proper under the Administrative Procedure Act ("APA") and states a single cause of action challenging USCIS's decision. In the Complaint, Plaintiff alleges that his travel abroad rendered him an "arriving alien" as defined at 8 C.F.R. §1.2. Plaintiff further contends that his travel abroad

amounted to "self-removal," essentially executing the removal order. Specifically, Plaintiff challenges the following portion of the agency's decision:

> Therefore, because you are not an arriving alien and you remain subject to a final removal order that was neither terminated nor concluded with your removal or departure under an order of Deportation or Removal, USCIS does not have jurisdiction over your application for adjustment of status. Based on the above reasons, your application is denied.

(Doc. 1-1).

Because Plaintiff contends that he was an "arriving alien," and that the removal order had been executed, Plaintiff challenges USCIS's January 9, 2020 denial of his Form I-485. Plaintiff seeks review of the decision under the APA, alleging it represents "final agency action" within the meaning of 5 U.S.C. §702.

Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Plaintiff has responded, and the motion is ripe for consideration.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir.2003). Thus, a federal court must take care to ensure that it has jurisdiction for all cases that come before it. *Rembert v. Apfel*, 213 F.3d 1331, 1333–34 (11th Cir.2000); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject-matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject-matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *See Smith*, 236 F.3d 1299.

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms. *Meszaros ex rel. Meszaros v. United States*, No. 8:05CV1214T30TGW, 2006 WL 1528939, at *1-2 (M.D. Fla. June 2, 2006) (Moody, J.); *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). "Facial attacks" on the complaint "require the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529. "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *See id*. Here, Defendants bring a facial attack.

If a motion to dismiss asserts a lack of subject matter jurisdiction, the plaintiff bears the burden of showing that he or she has properly invoked the court's jurisdiction. *Dominican Energy Ltd., Inc. v. Dominican Republic*, 903 F.Supp. 1507, 1511 (M.D. Fla. 1995).

### III. Discussion

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and, alternatively, for failure to state a claim pursuant to 12(b)(6).

Defendants contend that the Immigration and Nationality Act ("INA") precludes this Court's jurisdiction over Plaintiff's claims. Under the INA, the "sole and exclusive means for judicial review of an order of removal" is a "petition for review filed with an appropriate court of appeals." 8 U.S.C. §1252(a)(5). The INA also expressly consolidates "all questions of law and fact, including interpretation and application of constitutional and statutory provisions," into judicial review of a final order by the proper court of appeals. 8 U.S.C. § 1252(b)(9). Other than

the exclusive jurisdiction provided for by § 1252, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g).

Defendants contend that the relief requested here would invalidate a removal order and, therefore, the district court lacks subject matter jurisdiction. Defendants maintain that Plaintiff must proceed through the channels proscribed by Congress, including review in the proper court of appeals.

Indeed, if a plaintiff's challenge of an agency decision is "inextricably linked" to a removal order, it amounts to an impermissible indirect attack on that order pursuant to § 1252. Plaintiff, however, sidesteps this argument because he disputes Defendant's conclusion that his final order of removal was unexecuted. To summarize his argument, Plaintiff maintains that when he departed and then returned to the United States presenting an advance parole document, he became an "arriving alien." Plaintiff contends that the final order of removal against him was "self-executed when he traveled abroad," and that removal proceedings were no longer pending at the time he returned. (Doc. 14, p. 14). Plaintiff argues that the agency erred when concluding that it did not have jurisdiction to consider his Form I-485.

Plaintiff's argument and the reasoning behind it, however, has been rejected by numerous courts that have considered the issue. In a closely analogous recent case, *Santa Maria v. McAleenan*, No. CV H-18-3996, 2019 WL 2120725, at *1 (S.D. Tex. May 15, 2019), the plaintiff was a native and citizen of Honduras and subject to a removal order, then received temporary protected status. While on temporary protected status, the plaintiff was granted advance parole and left the United States, and then returned. *Id.* at *1. Following her return, the plaintiff filed an

application with Citizen and Immigration Services to register permanent residence or to adjust status. *Id*. at *1. The agency closed her application on the determination that it lacked jurisdiction due to her outstanding removal order. When the plaintiff sought review of the decision under the APA in the district court, the court expressly rejected her argument that when she left the United States, the removal order was executed. *Id*. at *3. The court concluded, "[b]ecause Citizenship and Immigration Services administratively closed Santa Maria's application based on the removal order, her challenge is inextricably linked to the removal order's continuing validity." *Id*. at *3.

The facts and reasoning of *Santa Maria* apply squarely to this case. Moreover, numerous other courts have reached the same conclusion where plaintiffs sought directly or indirectly to challenge a removal order. *See Singh v. U.S. Citizenship & Immigration Servs.*, No. 15-CV-1411, 2016 WL 1267796, at *5 (S.D.N.Y. Mar. 30, 2016) ("[T]he 'substance of the relief' Singh seeks necessarily impugns the validity of the underlying order of removal and is thus 'inextricably linked' to it." (quotation omitted)). *See also Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) (affirming district court's dismissal for lack of jurisdiction, concluding "Martinez's APA claims are nothing more than indirect attacks on his order of removal"); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011); and *Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010).

Further, the primary cases cited by Plaintiff to support his argument that he became an "arriving alien" are distinguishable. For example, Plaintiff cites *Scheerer v. U.S. Atty. Gen.*, 513 F.3d 1244, 1247 (11th Cir. 2008) (considering whether an amended immigration regulation was valid as a reasonable construction of statute governing adjustment of status applications), but even the dicta cited does not directly support Plaintiff's argument. Plaintiff also cites *Perez v. U.S. Bureau of Citizenship & Immigration Servs.,* 774 F.3d 960, 967 (11th Cir. 2014), but that case involves a different immigration statute altogether, the Cuban Adjustment Act of 1966.

Here, Plaintiff attempts to characterize a legal conclusion (that he became an arriving alien) as an allegation of fact, but his attempt to do so fails. *See Gonzalez v. Mayorkas*, No. 1:13-CV-1230, 2014 WL 585863, at *6 (E.D. Va. Feb. 12, 2014), *aff'd sub nom. Gonzalez v. Zannotti*, 585 F. App'x 130 (4th Cir. 2014) (rejecting a similar argument that a petitioner was an "arriving alien," stating "USCIS has already administratively closed and dismissed his application consistent with its lack of jurisdiction, due to petitioner's status as an alien in removal proceedings who is not considered an arriving alien.")

Like the court in *Santa Maria*, and in accordance with the authority discussed above, this Court lacks the subject matter jurisdiction to entertain even an indirect challenge to a removal order. *See Santa Maria*, 2019 WL 2120725 at *3. The fundamental aim of this litigation is to shift jurisdiction from Plaintiff's removal proceedings and to render the removal order ineffective. Consequently, Plaintiff's claim is one that seeks judicial review of an order of removal and jurisdiction is governed by the exclusive jurisdiction provisions of § 1252 (a)(5). Consequently, this court lacks jurisdiction over Plaintiff's claims.

### IV. RECOMMENDATION

For the reasons explained above, I respectfully recommend that the Defendants' motion to dismiss (Doc. 10) be granted.

Recommended in Ocala, Florida on August 14, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

c: Presiding District Judge
Counsel of Record and Unrepresented Party
Courtroom Deputy